G-ibson, J.
The object of this declaratory judgment action, here under review, is to effect a division and allocation of $11,514 in money recovered by the insured and the insurer from the third-party tort-feasor. It may be likened to a suit to marshal liens on a particular fund.
Although judicial rulings are cited by both parties to sustain their respective positions, it is our opinion that the key *37 to resolution of this case lies in the subrogation provision of the insurance policy and the subrogation receipt signed by the insured upon settlement of the claim for loss. The language of the insurance policy relating to subrogation reads as follows: “This company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this company. ’ ’
In the exercise of its contractual option to require an assignment of rights, the insurer upon settling the claim of the insured obtained a subrogation receipt reading in pertinent part:
“Received of the Ohio Farmers Insurance Co., the sum of seven thousand eight hundred fourteen dollars (7,814.00) in full settlement of all claims and demands of the undersigned for loss and damage by fire occurring on the 19th day of May A. D. 1959, to the property described in Policy No. 270774 issued through the Fritzinger Agency of said Company.
“In consideration of and to the extent of said payment the undersigned hereby subrogates said Insurance Company, to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above, and authorizes the said Insurance Company to sue, compromise or settle in the undersigned’s name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them.”
It seems clear that the assignment of all the insured’s right of recovery against the third-party tort-feasor to the extent of the insurer’s payment to the insured conveyed every bit of the insured’s right of recovery up to the amount of $7,814. The insured’s conveyance of all right of recovery up to a certain limit, viz., the extent of the insurer’s payment in settlement of the insured’s claim, can mean only that the assignee is the owner of all the insured’s rights of recovery until he is paid. The assignee, being the owner of all of insured’s right of recovery, must have priority in payment out of the funds recovered. Otherwise, the words “all right of recovery” are without meaning.
*38 The insured relies heavily upon Newcomb v. Cincinnati Ins. Co. (1872), 22 Ohio St., 382, and Holibaugh v. Cox (1958), 167 Ohio St., 340, for the proposition that, where there is partial insurance coverage only, the insured is entitled to recover the balance of his full loss out of the proceeds of a judgment against a third-party wrongdoer before having to account to the insurer upon a subrogation assignment. While the Newcomb case stands generally for such a rule, it is distinguishable from the case at bar on a number of grounds. First, in Newcomb the insured proceeded against the tort-feasor without the cooperation and assistance of the insurer. Second, and more important, it appears that in Newcomb no specific subrogation provision or assignment existed as it does here. In Holibaugh the pertinent question was whether the recovery against the third-party tort-feasor was limited to the amount which the insured and his insurer have agreed to be the extent of the liability of the insurer to the insured. Obviously, such a question is far different from that now before this court.
In summary then we conclude that, where the policy subrogation provisions and the subrogation assignment to the insurer convey all right of recovery against any third-party wrongdoer to the extent of the payment by the insurer to the insured, the insurer, who has cooperated and assisted in proceedings against the wrongdoer, is entitled to be indemnified first out of the proceeds of any recovery against the wrongdoer. Since this is the effect of the judgment of the Court of Appeals, such judgment is affirmed.

Judgment affirmed.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith and Herbert, JJ., concur.